IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MONROE R. PARKER, JR., ) | |
| ) | Civil Action No. 4:07-37-MBS-TER |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| BEAUFORT COUNTY ) | |
| SHERIFF'S OFFICE, ET. AL. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. PROCEDURAL FACTS

The plaintiff, acting pro se, brought this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 on January 1, 2007.[1] On November 13, 2007, the defendant R.K. Toyota filed a motion for summary judgment. (Document # 138.) Additionally, on November 13, 2007, the defendants Dorton, Hatfield, Heaney, Finger, White, and Beaufort filed a motion to dismiss. (Document # 141.) The undersigned issued an order filed November 14, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Document # 143.) The plaintiff's response to these motions was due December 18, 2007. On December 3, 2007, the plaintiff filed a motion for an extension of time to file a response. (Document # 153.) On February 21, 2008, the undersigned granted the plaintiff an extension and he was to file a response by March 15, 2008. (Document # 180.), However, the plaintiff did not file any response.

Furthermore, on March 3, 2008, defendant Roy Cooper filed a motion to dismiss. (Document # 190.) The undersigned issued an order filed March 4, 2008, pursuant to Roseboro, 528 F.2d 309, again advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Document 193.) The plaintiff's response to these motions was due April 7, 2008. (Id.) The plaintiff has also failed to file a response to this motion.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court Judge.

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir.1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through the plaintiff's own neglect, and not that of an attorney, that no responses have been filed. The plaintiff has not responded to the defendants' motions to dismiss and for summary judgment or the Court's Orders requiring him to respond. Therefore, the undersigned concludes the plaintiff has abandoned his lawsuit as to this defendant. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## III. CONCLUSION

As set out above, a review of the record indicates that the above defendants should be dismissed as the plaintiff has failed to prosecute his claims against them. It is, therefore, RECOMMENDED that plaintiff's claims against the defendants R.K. Toyota, Dorton, Hatfield, Heaney, Finger, White, Beaufort, and Cooper be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 11, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**