IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monroe R. Parker, Jr., ) | |
| ) | C/A No. 4:07-0037-MBS-TER |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Beaufort County Sheriff's Department, ) | **O R D E R** |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying complaint, Plaintiff Monroe R. Parker, Jr. was detained at the Beaufort County Detention Center in Beaufort, South Carolina. On January 4, 2008, Plaintiff, proceeding pro se, filed the within complaint, alleging violations of the Uniform Criminal Extradition Act and the Uniform Extradition and Rendition Act, and challenging the constitutionality of certain state laws of the Commonwealth of Virginia.

This matter is before the court on motion to dismiss filed by Defendant RK Toyota-Volvo, Inc. (Entry 138), as well as motion to dismiss filed by Defendants Beaufort County Sheriff's Office; State of South Carolina; Sheriff P.J. Tanner; Sergeant R. Edwards, Jr.; Isaac M. Stone, III; Michael M. Hatfield; Sergeant G.A. White; Sergeant R. Finger; Attorney General Henry McMaster; Beaufort County Council; and Joe Dorton (Entry 141). Both motions were filed on November 13, 2007. By order filed November 14, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed no response to the motions to dismiss.

Also before the court is a motion to dismiss filed by Defendant Roy Cooper on March 3, 2008 (Entry 190). A second Roseboro order was issued on March 4, 2008. Plaintiff filed no response to the motion to dismiss.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Thomas E. Rogers III for pretrial handling. On April 11, 2008, the Magistrate Judge issued a Report and Recommendation in which he recommended that the within action be dismissed pursuant to Rule 41(b) for failure to prosecute as to these Defendants. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. The pending motions to dismiss (Entries 138, 141, 190) are granted and the complaint is dismissed with prejudice pursuant to Rule 41(b) for failure to prosecute as to Defendants RK Toyota-Volvo, Inc.; Beaufort County Sheriff's Office; State of South Carolina; Tanner; Edwards.;

2

Stone; Hatfield; White; Finger; McMaster; Beaufort County Council; Dorton; and Cooper. The case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

April 30, 2008

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**