IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MONROE R. PARKER, JR., ) | |
| ) | Civil Action No. 4:07-37-MBS-TER |
| Plaintiff, ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| BEAUFORT COUNTY ) | |
| SHERIFF'S OFFICE, ET. AL. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## I. PROCEDURAL FACTS

The plaintiff, acting pro se, brought this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 on January 1, 2007.[1] On April 17, 2008, defendants Charles E. Smith and Overland, Inc. D/B/A Land Rover Hilton Head filed a motion to dismiss for failure to prosecute.(Document #227). The undersigned issued an order filed April 17, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. (Document # 228.) The plaintiff's response to this motion was due May 21, 2008. Plaintiff has not filed any response.[2]

## II. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court Judge.

[2] Based on the changed of address filed with the court on December 28, 2007, plaintiff is not incarcerated.

    (2) the amount of prejudice to the defendant;

    (3) the history of the plaintiff in proceeding in a dilatory manner; and

    (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir.1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through the plaintiff's own neglect, and not that of an attorney, that no responses have been filed. The plaintiff has not responded to the defendants' motion to dismiss or the Court's Order requiring him to respond. Therefore, the undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).[3]

### III. CONCLUSION

As set out above, a review of the record indicates that the above defendants should be dismissed as the plaintiff has failed to prosecute his claims against them. It is, therefore, RECOMMENDED that defendants Charles E. Smith and Overland, Inc. D/B/A Land Rover Hilton Head's motion to dismiss for failure to prosecute (document #227) be GRANTED and plaintiff's claims against these defendants be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

                                                Respectfully submitted,

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

May 23, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Additionally, it appears the only defendants left in this action are defendants Snipes, Blalock and Harrison. According to the docket text, Defendants Goins and Wise were never served. (Documents #223 and #230).