IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MONROE R. PARKER, JR., ) | |
| ) | Civil Action No. 4:07-37-MBS-TER |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| BEAUFORT COUNTY ) | |
| SHERIFF'S OFFICE, ET. AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. PROCEDURAL FACTS

The plaintiff, acting *pro se*, brought this action alleging civil rights violations pursuant to 42 U.S.C. § 1983 on January 4, 2007.[1] On May 23, 2008, defendants Richard Snipes and Laurinburg Police Department filed a motion for summary judgment. (Document #241). The undersigned issued an order filed May 28, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Document # 243.) The plaintiff's response to this motion was due July 1, 2008. Plaintiff has not filed any response.[2]

Defendant J.T. Harrison filed a motion for summary judgment on May 30, 2008. (Document #248). The undersigned issued an order filed June 2, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (Document # 249.) The plaintiff's response to this motion was due July 7, 2008. Plaintiff has not filed any response.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Court Judge.

[2] Based on the notice of change of address filed with the court on December 28, 2007, plaintiff is no longer incarcerated.

## II.  RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se* so he is entirely responsible for his actions.  It is solely through the plaintiff's own neglect, and not that of an attorney, that no responses have been filed.  The plaintiff has not responded to the defendants' motions for summary judgment or the Court's Order requiring him to respond.  Therefore, the undersigned concludes the plaintiff has abandoned his lawsuit as to these defendants.  No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

Furthermore, based on the docket sheet, defendants Lemon, Goins, Wise and Blalock were never served with a copy of the summons and complaint. The summons was returned unexecuted as to Cheryl Wise on April 7, 2008. (Document #223). On April 28, 2008, the plaintiff was mailed USM 285 forms to provide correct addresses for defendants Lemon, Goins, and Blalock. Based on the docket sheet, plaintiff never returned these forms to the court. Thus, these defendants were not served with a copy of the summons and complaint. As plaintiff failed to return the forms to the court and defendants were not

served, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b) or in the alternative for violation of Rule 4 of the Federal Rules of Civil Procedure.[3]

### III. CONCLUSION

As set out above, a review of the record indicates that the above defendants should be dismissed as the plaintiff has failed to prosecute his claims against them.

It is, therefore, RECOMMENDED that plaintiff's claims against these defendants as well as the entire action be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

In the alternative, it is RECOMMENDED that the action be dismissed as to defendants Snipes and Harrison for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) and as to defendants Lemon, Goins, Wise, and Blalock pursuant to Fed. R. Civ. Proc. 4.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 10, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[3] Rule 4m states as follows:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to the defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

3